**Opinion filed December 18, 2020**



## In The

# Eleventh Court of Appeals

_____

### No. 11-19-00020-CR

_____

### EDWARD DARRALL ANDERSON A/K/A EDWARD DARRELL ANDERSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 266th District Court**

**Erath County, Texas**

**Trial Court Cause No. CR14941**

### M E M O R A N D U M   O P I N I O N

The jury convicted Appellant, Edward Darrall Anderson a/k/a Edward Darrell Anderson, of the state jail felony offense of manufacture or delivery of less than one gram of a controlled substance, namely methamphetamine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (b) (West 2017). The jury found both enhancement allegations to be true and assessed Appellant's punishment at confinement for fifteen years and a $5,000 fine. Appellant presents two issues on

appeal: one in which he challenges the constitutionality of various court costs that were assessed against Appellant and one in which he complains that the degree of the offense as reflected on the trial court's written judgment is incorrect. Because we agree with the contention made by Appellant in his second issue, we modify and affirm.

In his first issue, Appellant asserts that the following costs assessed against him are facially unconstitutional and violate the separation-of-powers provision of the Texas constitution: (1) a $50 warrant/capias fee, (2) a $5 witness fee for a subpoena, (3) a $10 fee for taking and approving a bond, and (4) a $5 fee for summoning a jury. The complained-of fees are authorized by the Texas Code of Criminal Procedure as reimbursement fees for the services performed in the case by a peace officer. *See* TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(2), (3), (5), (7) (West Supp. 2020).

Appellant argues that, although the complained-of fees are "collected" for a legitimate criminal justice purpose, they are not necessarily "allocated" or "expended" for a legitimate criminal justice purpose because they are deposited into a general fund from which they can be spent without limitation. Appellant asserts that the complained-of fees thereby violate the separation-of-powers provision of the Texas constitution. *See* TEX. CONST. art. II, § 1.

The Court of Criminal Appeals addressed this very issue in *Allen v. State*, No. PD-1042-18, 2019 WL 6139077 (Tex. Crim. App. Nov. 20, 2019).[1] There, the court addressed a facial challenge to the constitutionality of Article 102.011(a)(3) and (b) based on separation of powers. 2019 WL 6139077, at *1. The argument made by Appellant in this appeal mirrors the argument made and rejected by the

---

[1]We note that the Court of Criminal Appeals issued its opinion in *Allen* on November 20, 2019, that the opinion was marked as "Publish" by the court, and that mandate issued on December 16, 2019. *See* http://www.search.txcourts.gov/Case.aspx?cn=PD-1042-18&coa=coscca.

Court of Criminal Appeals in *Allen*. The Court of Criminal Appeals thoroughly analyzed the argument and determined:

> Because the statute imposes a fee to reimburse the government for expenses directly incurred in connection with a defendant's prosecution, the fee falls within the core category of reimbursement-based court costs that this Court has long recognized as constitutionally permissible, regardless of how the fees are spent once collected. The statute's failure to direct the funds to be expended for a legitimate criminal justice purpose in the future does not render the courts tax gatherers in violation of separation of powers.

*Id.* at *3. We adhere to the holding in *Allen* and conclude that the fees about which Appellant complains are reimbursement-based fees that pose no separation-of-powers problem regardless of how the funds are actually spent once received. *See id.* at *7. Therefore, we hold that subsections (a)(2), (a)(3), (a)(5), and (a)(7) of Article 102.011 are not facially unconstitutional. We overrule Appellant's first issue.

In his second issue, Appellant contends that the trial court's judgment incorrectly reflects the degree of the offense to be a second-degree felony instead of a state jail felony. The State agrees that the trial court's written judgment is incorrect in this regard. We also agree.

The offense for which Appellant was convicted—the delivery of less than one gram of methamphetamine—is a state jail felony. *See* HEALTH & SAFETY § 481.112(b). The trial court's written judgment, which reflects that Appellant was convicted of a "2ND DEGREE FELONY," is therefore erroneous. An appellate court has the power to modify the trial court's judgment to make the judgment speak the truth when it has the necessary information before it to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Because we have the necessary information to make the judgment speak the truth, we sustain

Appellant's second issue, and we modify the judgment of the trial court to reflect the degree of the offense to be a "STATE JAIL FELONY."

As modified, we affirm the judgment of the trial court.


JIM R. WRIGHT

SENIOR CHIEF JUSTICE


December 18, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.